FILED

2023 Feb-06  PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **SHAULA LANEAR ALLEN,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  7:22-cv-00374-ACA** |
| | } | |
| **SOCIAL SECURITY** | } | |
| **ADMINISTRATION,** | } | |
| **COMMISSIONER,** | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Shaula Lanear Allen filed a *pro se* response to the Social Security Administration's motion to dismiss. (Doc. 24). Later, Ms. Allen retained counsel to represent her (doc. 26) and the court gave counsel until October 27, 2022 to file a counseled response to the motion to dismiss (doc. 28). Three months after the deadline passed, plaintiff's counsel filed a response to the Commissioner's motion to dismiss. (Doc. 35). Plaintiff's counsel has provided no explanation as to the delay nor has he requested leave to file a response out of time. (*See id.*). Thus, the response is due to be struck as untimely.

Striking the response in opposition to the Commissioner's motion to dismiss will not prejudice Ms. Allen because, although the response raises two arguments in defense of the Commissioner's motion, counsel merely identifies its contentions but

fails to provide any substantive argument in support. (*Id.* at 2). "[B]rief[s] must include an argument containing appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009). Arguments that are not "briefed before the court" are forfeited and will not be addressed. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004); *see United States v. Campbell*, 26 F.4th 860, 871–72 (11th Cir. 2022). Because the court would not have considered these "arguments," striking the response does not prejudice Ms. Allen.

Having reviewed Ms. Allen's response to the Commissioner's motion to dismiss, the court finds that Ms. Allen has failed to establish this court's jurisdiction to hear her claim. In a letter attached to Ms. Allen's complaint, Ms. Allen acknowledges receipt of a partially favorable decision on August 24, 2021. (Doc. 1 at 6). Ms. Allen contends that the Commissioner's decision incorrectly calculated her income and sets out the information she believes substantiates this claim. (*Id.*). Ms. Allen may be correct that her income was miscalculated, but this court is without jurisdiction to make that determination. It is undisputed that Ms. Allen failed to administratively appeal the overpayment recalculation. (Doc. 15-1 at 4–5 ¶¶ 15–16). Because Ms. Allen failed to complete the administrative appeal process, she did not exhaust her administrative remedies. Therefore, this court lacks subject matter jurisdiction and must dismiss her complaint pursuant to Federal Rule of Civil

Procedure 12(b)(1). 42 U.S.C. § 405(g); *Weinberger v. Salfi*, 422 U.S. 749, 760–61 (1975).

Based on the foregoing, the court **STRIKES** plaintiff's counsel's response in opposition of the Commissioner's motion to dismiss. (Doc. 35). The court **WILL DISMISS** Ms. Allen's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

**DONE** and **ORDERED** this February 6, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE