FILED

2025 Jun-16  AM 09:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **SHAULA LANEAR ALLEN,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No.:  7:22-cv-374-ACA** |
| | ] | |
| **SOCIAL SECURITY** | ] | |
| **ADMINISTRATION,** | ] | |
| **COMMISSIONER,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Shaula Lanear Allen filed this social security appeal on behalf of her son, J.L. (Doc. 1 at 6; doc. 57 at 2). Defendant Commissioner of the Social Security Administration moves for entry of judgment under sentence four of 42 U.S.C. § 405(g) with reversal and remand of the case for additional administrative proceedings. (Doc. 60). The Commissioner seeks remand to instruct the agency to: (1) adjudicate the child claimant's eligibility for social security income payments during the determined overpayment period from December 2007 to December 2009 and as of January 2010, the month he no longer received a recurring payment; (2) waive any overpayment pertaining to the period from December 2007 to December 2009, should an overpayment exist; and (3) refund any funds the agency

has already recouped that were used to repay the overpayment. (*Id.* at 2; *see also id.* at 4–5).

Under sentence four, the court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court finds that the Commissioner has provided valid, undisputed reasons why a sentence four remand is appropriate. Accordingly, the court **GRANTS** the Commissioner's motion. (Doc. 60).

The court will enter a separate final judgment reversing the Commissioner's final decision and remanding the action to the Commissioner for further proceedings consistent with this order pursuant to sentence four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993) ("Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand.").

**DONE** and **ORDERED** this June 16, 2025.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE